# EXHIBIT C

Redacted

### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Richard Tamez, Billy Tom Medlin, | : | CIVIL ACTION 5:15-cv-330-RP |
| Gavin Reynolds, and James Clark, | : | |
| on behalf of themselves and other | : | |
| similarly situated individuals, | : | |
| | : | |
| Plaintiffs, | : | |
| v. | : | |
| | : | |
| BHP Billiton Petroleum (Americas), Inc. | : | |
| | : | |
| Defendant. | : | |

### DECLARATION OF CHARLES CAMPBELL

1.    My name is Charles Campbell. I am a Plaintiff in this action against BHP Billiton Petroleum (Americas), Inc. ("Defendant"). I am over the age of eighteen and competent to testify about the matters set forth in this declaration. The statements made in this declaration are made based on my personal knowledge, experiences, and observations.

2.    I am an adult resident of the state of Texas.

3.    I worked for Defendant as a Fracking Consultant from approximately June 27, 2012 to October 2, 2012 and was classified as an Independent Contractor.

4.    While I was classified as an Independent Contractor, Defendant interviewed me for the position, scheduled the days and hours I worked, provided necessary equipment for my job, instructed me on how to perform my duties, and supervised my performance.

5.    When working for Defendant, I was paid a day rate for each day I worked. I did not receive any guaranteed amount for weeks I worked.

6.      I typically worked 14 days straight and then had 14 days off. On days I worked, I was scheduled for a 12-hour shift, but I regularly worked longer than 12 hours, performing saftey inspections and conducting daily safety meetings. I also observed my co-workers working longer than 12-hour shifts.

7.      Although I worked overtime hours, I did not receive overtime pay.

8.      Based on my personal knowledge, observations, and experiences, I believe that Defendant's failure to pay individuals receiving a day rate any overtime was its standard pay practice, and I have personal knowledge that other Fracking Consultants received a day rate and did not receive any overtime pay.


Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.


Dated: 8/19/15

CHARLES CAMPBELL

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**

---

| | | |
|---|---|---|
| Richard Tamez, Billy Tom Medlin, | : | CIVIL ACTION 5:15-cv-330-RP |
| Gavin Reynolds, and James Clark, | : | |
| on behalf of themselves and other | : | |
| similarly situated individuals, | : | |
| | : | |
| Plaintiffs, | : | |
| v. | : | |
| | : | |
| BHP Billiton Petroleum (Americas), Inc. | : | |
| | : | |
| Defendant. | : | |

---

### DECLARATION OF RONALD CARLILE

---

1.      My name is Ronnie Carlile.  I am a Plaintiff in this action against BHP Billiton Petroleum (Americas), Inc. ("Defendant").  I am over the age of eighteen and competent to testify about the matters set forth in this declaration.  The statements made in this declaration are made based on my personal knowledge, experiences, and observations.

2.      I am an adult resident of the state of Texas.

3.      I worked for Defendant as a Drill Site Manager from approximately September 2011 to December 2013 and was classified as an Independent Contractor.

4.      While I was classified as a Independent Contractor, Defendant scheduled the days and hours I worked, provided  necessary equipment for my job, instructed me on how to perform my duties, and supervised my performance.

5.      When working for Defendant, I was paid a day rate for each day I worked.  I did not receive any guaranteed amount for weeks I worked.

6.      I typically worked 14 days straight and then had 14 days off. On days I worked, I was scheduled for a 12-hour shift starting, but I regularly worked longer than 12 hours, performing drilling operations on sites and writing rig safety reports. I also observed my co-workers working longer than 12-hour shifts.

7.      Although I worked overtime hours, I did not receive overtime pay.

8.      Based on my personal knowledge, observations, and experiences, I believe that Defendant's failure to pay individuals receiving a day rate any overtime was its standard pay practice and not limited to my job position. For example, I have personal knowledge that individuals employed as Directional Drillers and Mud Engineers received a day rate and also did not receive any overtime pay.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: _O3-07-2015_

_Ronald Carlile_

RONALD CARLILE

2

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS**

---

| | | |
|---|---|---|
| Richard Tamez, Billy Tom Medlin, | : | CIVIL ACTION 5:15-cv-330-RP |
| Gavin Reynolds, and James Clark, | : | |
| on behalf of themselves and other | : | |
| similarly situated individuals, | : | |
| | : | |
| Plaintiffs, | : | |
| v. | : | |
| | : | |
| BHP Billiton Petroleum (Americas), Inc. | : | |
| | : | |
| Defendant. | : | |

---

**DECLARATION OF JAMES CLARK**

---

1.      My name is James Clark.  I am a Plaintiff in this action against BHP Billiton

Petroleum (Americas), Inc. ("Defendant").  I am over the age of eighteen and competent to

testify about the matters set forth in this declaration.  The statements made in this declaration are

made based on my personal knowledge, experiences, and observations.

2.      I am an adult resident of the state of Florida.

3.      I worked for Defendant as a HSE Specialist from approximately April 2013 to

February 2015 and was classified as an Independent Contractor.

4.      While I was classified as an Independent Contractor, Defendant interviewed me

for the position, scheduled the days and hours I worked, provided  necessary equipment for my

job, instructed me on how to perform my duties, and supervised my performance.

5.      When working for Defendant, I was paid a day rate for each day I worked.  I did

not receive any guaranteed amount for weeks I worked.

6.      I typically worked 14 days straight and then had 14 days off. On days I worked, I was scheduled for a 12-hour shift, but I regularly worked longer than 12 hours, performing my job duties as an HSE Specialist. I also observed my co-workers working longer than the 12-hour shifts.

7.      Although I worked overtime hours, I did not receive overtime pay.

8.      Based on my personal knowledge, observations, and experiences, I believe that Defendant's failure to pay individuals receiving a day rate any overtime was its standard pay practice and not limited to my job position. For example, I have personal knowledge that individuals employed as Rig Clerks, Site Supervisors, and Superintendents received a day rate and also did not receive any overtime pay.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: 18 Aug 2015                                JAMES CLARK

2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**

---

Richard Tamez, Billy Tom Medlin,   :   CIVIL ACTION 5:15-cv-330-RP
Gavin Reynolds, and James Clark,   :
on behalf of themselves and other   :
similarly situated individuals,   :
   :
       Plaintiffs,   :
v.   :
   :
BHP Billiton Petroleum (Americas), Inc.   :
   :
       Defendant.   :

---

**DECLARATION OF CHRISTOPHER GATLIN**

---

1. My name is Christopher Gatlin. I am a Plaintiff in this action against BHP Billiton Petroleum (Americas), Inc. ("Defendant"). I am over the age of eighteen and competent to testify about the matters set forth in this declaration. The statements made in this declaration are made based on my personal knowledge, experiences, and observations.

2. I am an adult resident of the state of Mississippi.

3. I worked for Defendant as a HSE Specialist from approximately March 2013 to December 2014 and was classified as a Independent Contractor.

4. While I was classified as a Independent Contractor, Defendant interviewed me for the position, scheduled the days and hours I worked, provided necessaryequipment for my job, instructed me on how to perform my duties, and supervised my performance.

5. When working for Defendant, I was paid a day rate for each day I worked. I did not receive any guaranteed amount for weeks I worked.

6.      I typically worked 16 days straight and then had  12 days off.  On days I worked, I was scheduled for a 12-hour shift starting, but I regularly worked longer than 12 hours, performing safety meetings, site audits and  "hazard hunts" at my  location, and  training.  I also observed my co-workers working longer than the 12-hour shifts.

7.      Although I worked overtime hours, I did not receive overtime pay.

8.      Based on my personal knowledge, observations, and experiences, I believe that Defendant's failure to pay individuals receiving a day rate any overtime was its standard pay practice and  not limited to my job position.  For example, I have personal knowledge that individuals employed as drill-site managers and rig clerks received a day rate and also did not receive any overtime pay.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: 8-6-15                                 Christopher Gatle
                                                      CHRISTOPHER GATLIN

2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| Richard Tamez, Billy Tom Medlin, | : | CIVIL ACTION 5:15-cv-330-RP |
| Gavin Reynolds, and James Clark, | : | |
| on behalf of themselves and other | : | |
| similarly situated individuals, | : | |
| | : | |
| Plaintiffs, | : | |
| v. | : | |
| | : | |
| BHP Billiton Petroleum (Americas), Inc. | : | |
| | : | |
| Defendant. | : | |

**DECLARATION OF CLINT GORDON**

1.      My name is Clint Gordon.  I am a Plaintiff in this action against BHP Billiton

Petroleum (Americas), Inc. ("Defendant").  I am over the age of eighteen and competent to

testify about the matters set forth in this declaration.  The statements made in this declaration are

made based on my personal knowledge, experiences, and observations.

2.      I am an adult resident of the state of Texas.

3.      I worked for Defendant as a Construction Consultant from approximately May 30,

2014 to February 8, 2015 and was classified as an  Independent Contractor.  I became a

supervisor with Defendant in August 2014 but was still classifed as an Independent Contractor.

4.      While I was classified as a Independent Contractor, Defendant interviewed me for

the position, scheduled the days and hours I worked, provided  necessaryequipment for my job,

instructed me on how to perform my duties, and supervised my performance.

5.      When working for Defendant, I was paid a day rate for each day I worked.  I did

not receive any guaranteed amount for weeks I worked.

6.      I typically worked  14 days or more straight and then had 1 or 2 days off.  On days I worked, I was scheduled for a 12-hour shift starting, but I regularly worked longer than 12 hours, acting as a liason  between engineering departement and construction.  I also observed my co-workers working longer than the 12-hour shifts.

7.      Although I worked overtime hours, I did not receive overtime pay.

8.      Based on my personal knowledge, observations, and experiences, I believe that Defendant's failure to pay individuals receiving a day rate any overtime was its standard pay practice and  not limited to my job position.  For example, I have personal knowledge that individuals employed as HSE Specialists, Electricians, and Fracking Consultants received a day rate and also did not receive any overtime pay.


Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.


Dated: _8-5-15_                              _____

                                                           CLINT GORDON

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS

Richard Tamez, Billy Tom Medlin,    :    CIVIL ACTION 5:15-cv-330-RP
Gavin Reynolds, and James Clark,    :
on behalf of themselves and other    :
similarly situated individuals,    :
    :
        Plaintiffs,    :
v.    :
    :
BHP Billiton Petroleum (Americas), Inc.    :
    :
        Defendant.    :

## DECLARATION OF MIKE HALL

1.      My name is Mike Hall.  I am a Plaintiff in this action against BHP Billiton Petroleum (Americas), Inc. ("Defendant").  I am over the age of eighteen and competent to testify about the matters set forth in this declaration.  The statements made in this declaration are made based on my personal knowledge, experiences, and observations.

2.      I am an adult resident of the state of Texas.

3.      I worked for Defendant as a Facilities Inspector from approximately July 21, 2014 to November 23, 2014 and was classified as an Independent Contractor .

4.      While I was classified as an Independent Contractor, Defendant interviewed me for the position, scheduled the days and hours I worked, provided  necessaryequipment for my job, instructed me on how to perform my duties, and supervised my performance.

5.      When working for Defendant, I was paid a day rate for each day I worked.  I did not receive any guaranteed amount for weeks I worked.

hours, performing the permit approval process, ensuring the work was up to code, and taking inventory of materials.  I also observed my co-workers working longer than the 12-hour shifts.

7.      Although I worked overtime hours, I did not receive overtime pay.

8.      Based on my personal knowledge, observations, and experiences, I believe that Defendant's failure to pay individuals receiving a day rate any overtime was its standard pay practice and not limited to my job position.  For example, I have personal knowledge that individuals employed in the Quality Assurance and Quality Control Department received a day rate and also did not receive any overtime pay.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: 8-11-2015                    _Michael R. Hall_
                                    MIKE HALL

2

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS**

_____

| | | |
|---|---|---|
| Richard Tamez, Billy Tom Medlin, | : | CIVIL ACTION 5:15-cv-330-RP |
| Gavin Reynolds, and James Clark, | : | |
| on behalf of themselves and other | : | |
| similarly situated individuals, | : | |
| | : | |
| Plaintiffs, | : | |
| v. | : | |
| | : | |
| BHP Billiton Petroleum (Americas), Inc. | : | |
| | : | |
| Defendant. | : | |

_____

**DECLARATION OF BILLY MEDLIN**

_____

1.      My name is Billy Medlin.  I am a Plaintiff in this action against BHP Billiton Petroleum (Americas), Inc. ("Defendant").  I am over the age of eighteen and competent to testify about the matters set forth in this declaration.  The statements made in this declaration are made based on my personal knowledge, experiences, and observations.

2.      I am an adult resident of the state of Texas.

3.      I worked for Defendant as a HSE Specialist from approximately December 2012 to March 2015 and was classified as an Independent Contractor.

4.      While I was classified as a Independent Contractor, Defendant interviewed me for the position, scheduled the days and hours I worked, provided  necessaryequipment for my job, instructed me on how to perform my duties, and supervised my performance.

5.      When working for Defendant, I was paid a day rate for each day I worked.  I did not receive any guaranteed amount for weeks I worked.

6.     I typically worked  21 days straight and then had 5 days off.  On days I worked, I was scheduled for a 12-hour shift starting, but I regularly worked longer than 12 hours, performing saftey inspections on oil rigs, training sessions for oil workers and responding to safety incidents. I also observed my co-workers working longer than the 12-hour shifts.

7.     Although I worked overtime hours, I did not receive overtime pay.

8.     Based on my personal knowledge, observations, and experiences, I believe that Defendant's failure to pay individuals receiving a day rate any overtime was its standard pay practice and  not limited to my job position.  For example, I have personal knowledge that individuals employed as drill site managers received a day rate and also did not receive any overtime pay.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: 8/2/15

BILLY MEDLIN

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Richard Tamez, Billy Tom Medlin, | : | CIVIL ACTION 5:15-cv-330-RP |
| Gavin Reynolds, and James Clark, | : | |
| on behalf of themselves and other | : | |
| similarly situated individuals, | : | |
| | : | |
|      Plaintiffs, | : | |
| v. | : | |
| | : | |
| BHP Billiton Petroleum (Americas), Inc. | : | |
| | : | |
|      Defendant. | : | |

## DECLARATION OF ROBERT NESLONEY JR.

1. My name is Robert Nesloney Jr. I am a Plaintiff in this action against BHP Billiton Petroleum (Americas), Inc. ("Defendant"). I am over the age of eighteen and competent to testify about the matters set forth in this declaration. The statements made in this declaration are made based on my personal knowledge, experiences, and observations.

2. I am an adult resident of the state of Texas.

3. I worked for Defendant as a Site Consultant from approximately March 2014 to December 2014 and was classified as an Independent Contractor.

4. While I was classified as an Independent Contractor, Defendant interviewed me for the position, scheduled the days and hours I worked, provided necessary equipment for my job, instructed me on how to perform my duties, and supervised my performance.

5. When working for Defendant, I was paid a day rate for each day I worked. I did not receive any guaranteed amount for weeks I worked.

6.     I typically worked 21 days straight and then had 1 or 2 days off.  On days I worked, I was scheduled for a 12-hour shift starting, but I regularly worked longer than 12 hours, performing facility management and overseeing construction activities.  I also observed my co-workers working longer than the 12-hour shifts.

7.     Although I worked overtime hours, I did not receive overtime pay.

8.     Based on my personal knowledge, observations, and experiences, I believe that Defendant's failure to pay individuals receiving a day rate any overtime was its standard pay practice and not limited to my job position.  For example, I have personal knowledge that individuals employed as completion consultants, drilling supervisors, rig supervisors, and construction consultants received a day rate and also did not receive any overtime pay.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: 8-5-2015

ROBERT NESLONEY JR.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**

_____

Richard Tamez, Billy Tom Medlin,     :    CIVIL ACTION 5:15-cv-330-RP
Gavin Reynolds, and James Clark,    :
on behalf of themselves and other     :
similarly situated individuals,      :
                                 :
          Plaintiffs,      :
v.                             :
                                 :
BHP Billiton Petroleum (Americas), Inc.  :
                                 :
          Defendant.      :
_____

**DECLARATION OF MERLIN PRICE**
_____

1.     My name is Merlin Price.  I am a Plaintiff in this action against BHP Billiton Petroleum (Americas), Inc. ("Defendant").  I am over the age of eighteen and competent to testify about the matters set forth in this declaration.  The statements made in this declaration are made based on my personal knowledge, experiences, and observations.

2.     I am an adult resident of the state of Mississippi

3.     I worked for Defendant as a HSE Specialist from approximately June 1 2014 to February 9, 2015 and was classified as an Consultant.

4.     While I was classified as a Consultant, Defendant interviewed me for the position, scheduled the days and hours I worked, provided  necessaryequipment for my job, instructed me on how to perform my duties, and supervised my performance.

5.     When working for Defendant, I was paid a day rate for each day I worked. I did not receive any guaranteed amount for weeks I worked.

6.      I typically worked 15days straight and then had 13 days off.  On days I worked, I was scheduled for a 12-hour shift starting, but I regularly worked longer than 12 hours, performing safety audits, conducting staff obsercations, leading safety meetings, and writing daily reportsI also observed my co-workers working longer than the 12-hour shifts.

7.      Although I worked overtime hours, I did not receive overtime pay.

8.      Based on my personal knowledge, observations, and experiences, I believe that Defendant's failure to pay individuals receiving a day rate any overtime was its standard pay practice and  not limited to my job position.  For example, I have personal knowledge that individuals employed as Drill Site Managers, Directional Drillers, and Rig Clerks received a day rate and also did not receive any overtime pay.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____                           _____
                                             MERLIN PRICE

2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS

Richard Tamez, Billy Tom Medlin,     :     CIVIL ACTION 5:15-cv-330-RP
Gavin Reynolds, and James Clark,     :
on behalf of themselves and other     :
similarly situated individuals,     :
                             :
        Plaintiffs,     :
                             :
v.     :
                             :
BHP Billiton Petroleum (Americas), Inc.     :
                             :
        Defendant.     :

## DECLARATION OF GAVIN REYNOLDS

1.     My name is Gavin Reynolds. I am a Plaintiff in this action against BHP Billiton Petroleum (Americas), Inc. ("Defendant"). I am over the age of eighteen and competent to testify about the matters set forth in this declaration. The statements made in this declaration are made based on my personal knowledge, experiences, and observations.

2.     I am an adult resident of the state of Minnesota.

3.     I worked for Defendant as an HSE Specialist from approximately May 2013 to August 2014 and was classified as a Consultant.

4.     While I was classified as a Consultant, Defendant interviewed me for the position, scheduled the days and hours I worked, provided necessary equipment for my job, instructed me on how to perform my duties, and supervised my performance.

5.     When working for Defendant, I was paid a day rate for each day I worked. I did not receive any guaranteed amount for weeks I worked.

6      I typically worked 14 days straight and then had 14 days off. On days I worked, I was scheduled for a 12-hour shift, but I regularly worked longer than 12 hours, performing audits of safety management systems and advising site-supervisors on health, safety and environment issues. I also observed my co-workers working longer than the 12-hour shifts.

7      Although I worked overtime hours, I did not receive overtime pay.

8      Based on my personal knowledge, observations, and experiences, I believe that Defendant's failure to pay individuals receiving a day rate any overtime was its standard pay practice and not limited to my job position. For example, I have personal knowledge that individuals employed as Completion Consultants and Rig Clerks received a day rate and also did not receive any overtime pay.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: 14 AUG 2015

**GAVIN REYNOLDS**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Richard Tamez, Billy Tom Medlin, | : | CIVIL ACTION 5:15-cv-330-RP |
| Gavin Reynolds, and James Clark, | : | |
| on behalf of themselves and other | : | |
| similarly situated individuals, | : | |
| | : | |
| Plaintiffs, | : | |
| v. | : | |
| | : | |
| BHP Billiton Petroleum (Americas), Inc. | : | |
| | : | |
| Defendant. | : | |

## DECLARATION OF PORFIRIO RINCONES

1.      My name is Porfirio Rincones.  I am a Plaintiff in this action against BHP Billiton

Petroleum (Americas), Inc. ("Defendant").  I am over the age of eighteen and competent to

testify about the matters set forth in this declaration.  The statements made in this declaration are

made based on my personal knowledge, experiences, and observations.

2.      I am an adult resident of the state of Texas.

3.      I worked for Defendant as a Specialist Consultant from approximately August 21,

2012 to December 16, 2013 and was classified as an Independent Contractor.  I was classified as

an employee by Defendant on December 16, 2013, and  started working as a Supervisor on

November 6, 2014.

4.      While I was classified as a Independent Contractor, Defendant interviewed me for

the position, scheduled the days and hours I worked, provided  necessary equipment for my job,

instructed me on how to perform my duties, and supervised my performance.

5.      While I was classified as an employee, my duties did not change from when I was an Independent Contractor.

6.      When working for Defendant, I was paid a day rate for each day I worked. I did not receive any guaranteed amount for weeks I worked.

7.      I typically worked 14 days straight and then had 14 days off. Occasionally, I worked 21 days straight. On days I worked, I was scheduled for a 12-hour shift, but I regularly worked longer than 12 hours, performing audits of oil drilling sites and accident invesigations at various locations. I also observed my co-workers working longer than 12-hour shifts.

8.      Although I worked overtime hours, I did not receive overtime pay.

9.      Based on my personal knowledge, observations, and experiences, I believe that Defendant's failure to pay individuals receiving a day rate any overtime was its standard pay practice and not limited to my job position. For example, I have personal knowledge that individuals employed as Company men, Well-site Supervisors, and Completion Supervisors received a day rate and also did not receive any overtime pay.


Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.


Dated: 8-4-2015

PORFIRIO RINCONES

2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS

---

| | | |
|---|---|---|
| Richard Tamez, Billy Tom Medlin, | : | CIVIL ACTION 5:15-cv-330-RP |
| Gavin Reynolds, and James Clark, | : | |
| on behalf of themselves and other | : | |
| similarly situated individuals, | : | |
| | : | |
| Plaintiffs, | : | |
| v. | : | |
| | : | |
| BHP Billiton Petroleum (Americas), Inc. | : | |
| | : | |
| Defendant. | : | |

---

## DECLARATION OF JEFFERY SAVOY

---

1.      My name is Jeffery Savoy.  I am a Plaintiff in this action against BHP Billiton

Petroleum (Americas), Inc. ("Defendant").  I am over the age of eighteen and competent to

testify about the matters set forth in this declaration.  The statements made in this declaration are

made based on my personal knowledge, experiences, and observations.

2.      I am an adult resident of the state of Oklahoma.

3.      I worked for Defendant as a Drilling Consultant from approximately January

2012  to October 2013 and was classified as an Independent Contractor.

4.      While I was classified as an Independent Contractor, Defendant scheduled the

days and hours I worked, provided  necessary equipment for my job,  instructed me on how to

perform my duties, and supervised my performance.

5.      When working for Defendant, I was paid a day rate for each day I worked. I did

not receive any guaranteed amount for weeks I worked.

6.      I typically worked 14 days straight and then had 14 days off.  On days I worked, I was scheduled for a 12-hour shift, but I regularly worked longer than 12 hours, managing daily safety meetings and overseeing operations at various oil rigs. I also observed my co-workers working longer than the 12-hour shifts.

7.      Although I worked overtime hours, I did not receive overtime pay.

8.      Based on my personal knowledge, observations, and experiences, I believe that Defendant's failure to pay individuals receiving a day rate any overtime was its standard pay practice and  not limited to my job position.  For example, I have personal knowledge that individuals employed as Company men, Superintendents, and HSE Specialists received a day rate and also did not receive any overtime pay.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: 8-18-15

JEFFERY SAVOY

2

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS**

_____

| | | |
|---|---|---|
| Richard Tamez, Billy Tom Medlin, | : | CIVIL ACTION 5:15-cv-330-RP |
| Gavin Reynolds, and James Clark, | : | |
| on behalf of themselves and other | : | |
| similarly situated individuals, | : | |
| | : | |
|         Plaintiffs, | : | |
| v. | : | |
| | : | |
| BHP Billiton Petroleum (Americas), Inc. | : | |
| | : | |
|         Defendant. | : | |

_____

**DECLARATION OF RICHARD TAMEZ**

_____

      1.      My name is Richard Tamez.  I am a Plaintiff in this action against BHP Billiton Petroleum (Americas), Inc. ("Defendant").  I am over the age of eighteen and competent to testify about the matters set forth in this declaration.  The statements made in this declaration are made based on my personal knowledge, experiences, and observations.

      2.      I am an adult resident of the state of Texas.

      3.      I worked for Defendant as a Safety Coordinator from approximately April 2014 to January 2015 and was classified as an Indepedent Contractor.

      4.      While I was classified as an Independent Contractor, Defendant interviewed me for the position, scheduled the days and hours I worked, provided  necessary equipment for my job, instructed me on how to perform my duties, and supervised my performance.

      5.      When working for Defendant, I was paid a day rate for each day I worked.  I did not receive any guaranteed amount for weeks I worked.

6.      I typically worked 14 days straight then had 14days off or worked 21 days straight then had 7 days off. On days I worked, I was scheduled for a 12-hour shift, but I regularly worked longer than 12 hours, performing safety audits at varous sites, conducting safety meetings, and reporting saftey violations. I also observed my co-workers working longer than the 12-hour shifts.

7.      Although I worked overtime hours, I did not receive overtime pay.

8.      Based on my personal knowledge, observations, and experiences, I believe that Defendant's failure to pay individuals receiving a day rate any overtime was its standard pay practice and not limited to my job position. For example, I have personal knowledge that individuals employed as Site Supervisors received a day rate and also did not receive any overtime pay.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: 8/12/2015

RICHARD TAMEZ

2