# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| Richard Tamez, Billy Tom Medlin, Gavin Reynolds, and James Clark, on behalf of themselves and other similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>BHP Billiton Petroleum (Americas), Inc.,<br><br>Defendant. | CIVIL ACTION 5:15-cv-330-RP<br><br>**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR CONDITIONAL CERTIFICATION AND COURT-AUTHORIZED NOTICE** |

## INTRODUCTION

Plaintiffs moved to conditionally certify a collective action of Defendant's day rate workers, presenting evidence Defendant maintained a uniform policy of not paying **all** day rate workers overtime compensation. In opposition, Defendant does not deny this black letter violation of the Fair Labor Standards Act ("FLSA") for either the employees it classifies as "employees" or those it claims are "independent contractors." 29 C.F.R. § 778.112. Instead, Defendant spends much of its brief detailing the putative collective classes' job titles, duties, and employee classifications, arguing that these differences defeat conditional certification.

Defendant's arguments fail for two reasons. First, Defendant is not claiming any exemption defenses in this case.[1] This means that the job titles and duties analysis often applied in FLSA cases will not apply here, and any "differences" between the jobs held by the day rate workers has no bearing on their status as similarly situated employees all subject to the same

---

[1] Defendant does allege a "good faith" defense under 29 U.S.C. § 259 claiming that it relied on regulations and Department of Labor interpretations when failing to pay day rate workers overtime. (Answer ¶ 4, ECF No. 7.) Ironically, this defense will require Defendant to argue that it should be excused from liability for failure to pay all day rate workers overtime for the same reason, regardless of job duties or "independent contractor" status.

unlawful pay practice. Second, with respect to individuals Defendant classified as "independent contractors," many courts have refused to consider "merits based" independent contractor arguments at this stage or have found that because many of the "independent contractor" factors may be analyzed classwide, such a defense does not defeat conditional certification. Finally, by failing to address Plaintiffs' evidence that Defendant exercised similar controls over all of its "independent contractors," Defendant fails to provide evidence that it treated any "independent contractor" differently than those providing declarations, regardless of job duties or titles. For these reasons, all day workers who were all subject to Defendant's uniform policy of failing to pay overtime compensation are similarly situated for purposes of judicial notice.

## **LEGAL ANALYSIS**

### I. **Plaintiffs' Job Duties are Immaterial to Conditional Certification Given Defendant's Uniform Compensation Policy**

Defendant contends Plaintiffs are not similarly situated to other day rate employees since they worked in job titles with different duties than putative class members. The problem with this argument is that Defendant fails to explain why those facts are even relevant to conditional certification in this case. Plaintiffs need only present substantial allegations that they were subject to a common unlawful policy or plan to satisfy their minimal burden at the notice stage. *Mooney v. Aramco Services Co.*, 54 F.3d 1207, 1214 n.8 (5th Cir. 1995). As a result, courts regularly find different job titles and duties are immaterial and do not preclude conditional certification when a common unlawful policy applies to putative class members. *See, e.g.*, *Nguyen v. Versacom, LLC*, 2015 WL 1400564, at *6–7 (N.D. Tex. Mar. 27, 2015) (stating differences in employees' job descriptions, classifications, and duties were insufficient to defeat conditional certification where claims were based on company-wide policy of refusing to pay overtime compensation); *Behnken v. Luminant Min. Co., LLC*, 997 F. Supp. 2d 511, 522 (N.D.

Tex. 2014) (granting conditional certification for all employees under common meal break policy since differences in the job classifications, descriptions, and duties were not materially relevant); *Aguilar v. Complete Landsculpture, Inc.*, 2004 WL 2293842, at *4 (N.D. Tex. Oct. 7, 2004) (holding different duties and hourly rates "immaterial" when conditional certifying collective class of multiple positions who were subject to same compensation scheme).

Here, Plaintiffs' claims are predicated on Defendant's common policy of not paying day rate employees overtime required under 29 C.F.R. § 778.112. Plaintiffs submitted 13 declarations from day rate workers in different positions across Defendant's oil and gas extraction business, and each declarant stated the same thing: Defendant paid them a day rate, required them to regularly work overtime, and did not pay them for their overtime hours worked. These facts show Defendant maintained a common compensation policy for day rate workers that violated the FLSA. Further underscoring this point is the fact that Defendant does not present any evidence disputing that all day rate workers were subject to the same compensation policy. Nor does it allege any exemption defense that would require an analysis of job duties at any stage of the litigation, let alone at this lenient conditional certification stage. (Answer, ECF No. 7.) Given the abundance of evidence showing they were subject to the same illegal policy, Plaintiffs more than satisfy the lenient conditional certification standard.

## II. <u>Classification as Independent Contractors Does Not Preclude Conditional Certification</u>

Defendant also attempts to avoid conditional certification by alleging Plaintiffs cannot show they are similarly situated for purposes of applying the economic realities test for independent contractors.[2] This argument fails. First, Defendant's claim that this test must be considered for conditional certification essentially seeks to force the Court to perform a merits-

---

[2] This independent contractor argument does not apply to the subclass of workers who Defendant classified as employees, not independent contractors.

3

based analysis. Under the guise of assessing whether Plaintiffs are similarly situated, Defendant argues the Court must consider Plaintiffs' lengths of employment, day rate amounts, the skills and initiative for each position, and the control exercised by Defendant. Analyzing these issues to determine if Plaintiffs are similarly situated, even if no final determinations are made now, will necessarily require the Court delve into merits considerations, a task courts routinely refuse to perform at this stage. *See Heeg v. Adams Harris, Inc.*, 907 F. Supp. 2d 856, 864 (S.D. Tex. 2012); *Walker v. Honghua Am., LLC*, 870 F. Supp. 2d 462, 471 (S.D. Tex. 2012).

Second, Plaintiffs presented evidence "independent contractors" are similarly situated for purposes of the economic realities test. Plaintiffs' declarations stated Defendant exercised similar controls over persons classified as independent contractors. Defendant interviewed "independent contractors" for their positions, set their work schedules, supplied them with the necessary equipment, instructed them on performing their duties, and acted as their supervisors. Defendant does not present any evidence challenging these common facts, all of which are relevant to the economic realities test. This evidence shows Defendant exercised similar controls over "independent contractors" and makes them similarly situated for purposes of the economic realities test. *See Pena v. Handy Wash, Inc.*, 28 F. Supp. 3d 1289, 1301 (S.D. Fla. 2014) (granting conditional certification for independent contractors where some of the economic realities factors could be assessed collectively); *Walker*, 870 F. Supp. 2d at 471 (finding plaintiff presented minimal-but-sufficient evidence that they were similarly situated for economic realities test to warrant conditional certification); *Carrera v. UPS Supply Chain Solutions, Inc.*, 2011 WL 1303151, at *6 (S.D. Fla. Mar. 31, 2011) (certifying conditional collective where some issues related to economic realities test could be resolved or addressed as part of the collective action).

### III. Plaintiffs' Declarations Meet the Minimal Standards for Conditional Certification

Defendant claims Plaintiffs' declarations are not "credible" evidence since they are largely similar in content and contain allegedly conclusory statements concerning working conditions. Neither of these arguments has merit. First, Plaintiffs' declarations are similar because Plaintiffs were subject to Defendant's same policies and practices. Defendant applied the same illegal compensation policy to all day rate workers, and it exercised similar control over all "independent contractors." Given Defendant's uniform treatment of Plaintiffs, it is unsurprising that their declarations are similar. *See Beauperthuy v. 24 Hour Fitness USA, Inc.*, 2008 WL 793838, at *4 (N.D. Cal. Mar. 24, 2008) ("How are Plaintiffs to allege that they all suffered the same injury as a result of the same corporate policy if they cannot make the same factual allegations? The notion borders on the absurd.") Indeed, the factual similarities in the declarations provide the basis of Plaintiffs' claims and show Plaintiffs and other day rate workers are similarly situated. And while Defendant may not believe Plaintiffs' declarations are "credible," this factual determination is not assessed at conditional certification. *Lay v. Gold's Gym Int'l, Inc.*, 2013 WL 5595956, at *3 (W.D. Tex. Oct. 4, 2013).

Second, Defendant's argument that Plaintiffs' declarations contain conclusory statements is simply wrong. At the notice stage of conditional certification, a plaintiff does not need to present evidence that would be admissible at trial. *Lee v. Metrocare Servs.*, 980 F. Supp. 2d 754, 761 (N.D. Tex. 2013). Rather, declarations from a plaintiff need only be based on personal knowledge. *Id.* Plaintiffs' declarations detail the declarants' experiences, observations, and personal knowledge concerning Defendant's day rate compensation policy and its common treatment of employees and "independent contractors." These statements are based Plaintiffs' personal knowledge and are sufficient to meet their burden at the notice stage. *Dyson v. Stuart*

*Petroleum Testers, Inc.*, 2015 WL 5062265, at *4 (W.D. Tex. Aug. 27, 2015) (holding employee's knowledge of company policies based on personal experience sufficient to show a widespread discriminatory plan for purposes of conditional certification).

## CONCLUSION

Identifying "differences" that make no difference does not defeat conditional certification. Plaintiffs have met their minimal burden and provided more than substantial allegations showing they and the putative collective of all day rate workers—both those classified by Defendant as employees and those as "independent contractors"—are similarly situated. Plaintiffs' motion for conditional certification and judicial notice should be granted.

DATED: September 11, 2015

*/s/ Alexander M. Baggio*
NICHOLS KASTER, PLLP
Paul J. Lukas, MN Bar No. 22084X
Michele R. Fisher, MN Bar No. 030369
Alexander M. Baggio, MN Bar No. 389912*
4600 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
lukas@nka.com
fisher@nka.com
abaggio@nka.com
*Admitted Pro Hac Vice*

Attorneys For Plaintiffs and the Putative
FLSA Collective

**CERTIFICATE OF SERVICE**

I hereby certify that on September 11, 2015, the foregoing document was filed with the Court through the Court's CM/ECF System, and electronic notice of such filing has been sent to all counsel of record:

Shauna Johnson Clark
Jamila Mensah
NORTON ROSE FULBRIGHT US LLP
1301 McKinney, Suite 5100
Houston, Texas 77010
Shauna.clark@nortonrosefulbright.com
Jamila.mensa@nortonrosefulbright.com

*/s/Alexander M. Baggio*
Alexander M. Baggio