IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **RICHARD TAMEZ, BILLY TOM MEDLIN, GAVIN REYNOLDS, and JAMES CLARK, Individually and On Behalf of Others Similarly Situated** § § § § § | |
| **PLAINTIFFS,** § § | **CIVIL ACTION NO. 5:15-cv-330-RCL** |
| V. § § | **COLLECTIVE ACTION** |
| **BHP Billiton Petroleum (Americas), Inc.,** § § | |
| **DEFENDANT.** § § | |

**DEFENDANT BHP BILLITON PETROLEUM (AMERICAS), INC.'S
MOTION FOR CLASS-WIDE DISCOVERY AND
REQUEST FOR A TELEPHONIC CONFERENCE**

Defendant BHP Billiton Petroleum (Americas), Inc. ("BHP Billiton") files this Motion for Class-Wide Discovery and Request for a Telephonic Conference, and respectfully shows the Court the following:

**FACTUAL AND PROCEDURAL BACKGROUND**

This is an independent contractor misclassification case under the Fair Labor Standards Act ("FLSA"). Specifically, the four Named Plaintiffs allege that BHP Billiton misclassified them as independent contractors and improperly paid them on a day rate basis with no overtime compensation in violation of the FLSA. Doc. No. 1 at ¶ 2, 14, 16-22.

On October 5, 2015, Judge Robert Pitman (to whom the case was then assigned) granted Plaintiffs' opposed motion for conditional certification and conditionally certified a class of "[a]ll persons who worked for Defendant and were paid a day rate at any time since three years prior to April 24, 2015, the filing date of the Complaint." Doc. No. 31 at 12. After an extended

1

opt-in process that involved subpoenas to third-party vendors and show cause orders (Doc. No. 92), the final class size is 99 Plaintiffs.

Of these 99 Plaintiffs, four were W-2 employees of BHP Billiton who were paid on a salary basis. *See* Declaration of Brian Sklar ¶ 3 attached hereto as Ex. A. The remaining 95 class members were employed by and provided to BHP Billiton by the following 26 third-party vendors:

1. Acock Consulting
2. Air Resources, Ltd.
3. Bedrock Petroleum Consultants LLC
4. Cielo Energy Consulting
5. Construction Safety Professionals
6. Crescent Consulting
7. Diadem Enterprises (d/b/a DMIC)
8. Driltek, Inc
9. Ellington & Associates, Inc.
10. Fircroft, Inc.
11. Greg Zielinski, Inc.
12. Hamilton Engineering, Inc.
13. Houston Drilling Management
14. Larry D. Consulting
15. Link Oil & Gas Professionals, Inc.
16. New Prospect Company
17. New Tech Global Ventures, LLC
18. Petrostream, Inc.
19. Planning Thru Completion
20. Plaster & Wald
21. PPI Technology Services, LP
22. Progressive Global Energy
23. Schiller Consulting
24. Sierra Engineering
25. Upstream International
26. Varnell Consulting, Inc.

*Id.* These Plaintiffs performed services for BHP Billiton in the following 14 different job positions:

1. Associate Completion Engineer
2. Completion Engineer
3. Completion Supervisor
4. Completion Superintendent
5. Senior Completion Supervisor
6. Senior Completions Superintendent
7. Drilling Engineer
8. Drilling Supervisor
9. Drilling Superintendent
10. HSE Specialist
11. HSE Supervisor
12. Lead Construction Advisor
13. Rig Clerk
14. Well Intervention Specialist

*Id.* ¶ 4.

On May 10, 2017, BHP Billiton presented three 30(b)(6) corporate representatives for depositions on twelve out of fourteen deposition topics. *See* Declaration of Kimberly Cheeseman ¶ 5 attached hereto as Ex. B. The Parties are currently in the process of scheduling the depositions for the remaining two topics. *Id.* ¶ 6. In the meantime, BHP Billiton would like to begin engaging in discovery with Plaintiffs; however, a dispute remains as to the proper scope of discovery to Plaintiffs.

In the Parties' Status Report filed with the Court on February 20, 2017, the Parties proposed two contrasting approaches to discovery in the Joint Proposed Scheduling Order. Doc No. 106. Plaintiffs propose limiting written discovery to 20 class members (20% of the then-102 Plaintiff collective action).[1]  *Id.* at ¶ 6. Plaintiffs also propose that BHP Billiton can take depositions for some or all of these 20 class members. *Id.*

BHP Billiton agreed to Plaintiffs' proposal in part. Specifically, BHP Billiton agreed to take representative deposition discovery of a subset of Plaintiffs. *Id.* BHP Billiton also agreed to (1) limit the number of written discovery requests, and (2) make the discovery requests uniform. *Id.*

As a result, the one area of disagreement is the scope of the recipients of this limited, uniform written discovery. BHP Billiton proposes sending this limited, uniform written discovery to all 99 Plaintiffs prior to the time the representative Plaintiffs are selected for depositions, especially given that 26 third-party vendors provided Plaintiffs to BHP Billiton and that Plaintiffs performed services for BHP Billiton in 14 different job positions. *Id.* BHP Billiton submits that doing so will aid and allow for an informed selection of who should be the deposition Plaintiffs. BHP Billiton requests a telephone conference to resolve this issue.

---

[1] The class size has since decreased because of Plaintiffs filing withdrawal forms.

**ARGUMENT AND AUTHORITIES**

Limited, uniform written discovery to the entire class is both reasonable and supported by existing case law. Indeed, representative discovery when the FLSA class is small, such as this one, is not required at all. Instead, generalized class-wide discovery is permissible.

> Generally, there are two lines of cases regarding . . . discovery in opt-in class actions: one allowing all opt-in plaintiffs to be subject to discovery and one allowing only a sample of opt-in plaintiffs to be subject to discovery. Courts that have allowed individualized discovery treat opt-in plaintiffs in a[n FLSA] collective action as ordinary party plaintiffs subject to the full range of discovery permitted by the Federal Rules of Civil Procedure. . . . Courts that have declined to allow individualized discovery in FLSA actions have concluded that collective actions under the FLSA should be governed by the same standards as govern discovery in [Fed. R. Civ. P. 23] class actions and should be limited to only class wide and class based discovery because [t]o permit individualized discovery . . . would undermine the purpose and utility of both class and collective actions. . . . .
>
> Although there is far from a 'bright line' test as to the number of opt-in plaintiffs which tips the balance in favor of representative sampling as opposed to individualized discovery, it appears that when the number of opt-in plaintiffs is approaching 200, courts are more inclined to order a representative sampling. (citations omitted)

*Lloyd v. J.P. Morgan Chase & Co.*, No. 11 Civ. 9305, 2015 WL 1283681, at *3 (S.D.N.Y. Mar. 20, 2015) (internal quotation marks and citations omitted).

The class in this case falls well below the 200 tipping point, thus permitting BHP Billiton to take class-wide discovery generally. Other district courts agree. *Koviach v. Crescent City Consulting*, *LLC*, No. CV 14-2874, 2016 WL 6649149, at *2 (E.D. La. Nov. 10, 2016) (adhering to the 200-plaintiff rule for when representative discovery should apply and granting defendant's request for class-wide discovery); *White v. 14051 Manchester, Inc.,* No. 4:12–CV–469, 2013 WL 1867113 at *1–*2 (E.D. Mo. May 2, 2013) (approving class-wide written discovery of all 50 opt-ins); *Scovil v. FedEx Ground Package*, No. 10-cv-00515, 2011 WL 5526033, *4 (D. Me. Nov. 14, 2011) (permitting defendant to send written discovery to all opt-in plaintiffs); *Abubakar v. City of Solano,* No. CIV S–062268, 2008 WL 508911 at *1–*2 (E.D. Cal. Feb. 22, 2008)

3

(permitting individualized written discovery of all 160 opt-ins); *Renfro v. Spartan Computer Servs., Inc.,* No. 06–2284, 2008 WL 474253 at *1–*2 (D. Kan. Feb. 19, 2008) (allowing individualized written discovery of approximately 100 opt-ins and depositions of 27 opt-in plaintiffs), *objections overruled,* 2008 WL 821950 (D. Kan. Mar. 26, 2008); *Coldiron v. Pizza Hut, Inc.,* No. 03-05865, 2004 WL 2601180 at *2 (C.D. Cal. Oct. 24, 2004) (granting individualized written discovery of 306 opt-ins).

Courts within the Western District of Texas also permit class-wide discovery, including class-wide discovery in cases involving significantly more plaintiffs than here. For example, in *Gandhi v. Dell, Inc.*, the Western District of Texas allowed limited class-wide discovery to 935 individuals. No. 08-CA-248, 2010 WL 11506555, at *7-8 (W.D. Tex. July 28, 2010). As another Judge within this Court reasoned, "the specific nature of the claims brought by Plaintiffs will yield discovery that is not unreasonably cumulative or duplicative, given the varying experiences had by each individual plaintiff." *Id.* at *7.

This rings true here, especially given that 26 different third-party vendors provided Plaintiffs to BHP Billiton and that Plaintiffs worked in 14 different job positions. One of the questions in this case is whether Plaintiffs were independent contractors, which will require an examination of the working relationship between Plaintiff, the third-party vendor, and BHP Billiton. Even assuming Plaintiffs were employees of BHP Billiton, an examination of their job duties—in 14 different positions—is required to determine if they were still properly exempt from overtime pay. Class-wide discovery is necessary given the already apparent "varying experiences" by each Plaintiff and so that BHP Billiton has a fair opportunity to assert defenses at the decertification stage.

In addition, the Court in *Gandhi* further reasoned that class-wide discovery is not

4

contrary to the purposes of a collective action under the FLSA:

> The FLSA's purpose of efficient recourse is not fundamentally disturbed by individualized discovery; the various Plaintiffs will remain in a position to pool their resources. The FLSA, unlike a Rule 23 class action, requires potential plaintiffs to affirmatively opt-in to join a lawsuit. This voluntary action should put any potential plaintiffs on notice that, while they are joining a collective action, they are nevertheless becoming plaintiffs in a lawsuit  Responding to reasonable discovery requests is not a burdensome drain on the collective Plaintiffs' resources.
>
> Plaintiffs attempt to shift the burden to [defendant] by arguing that '[defendant] identifies no compelling reason why it cannot obtain all the necessary evidence related to its defenses from a random sample of the class.' This Court disagrees with Plaintiffs that [defendant] has identified no such compelling reason. That the various Plaintiffs in this case 'had different timekeeping practices, worked in different business units, held different jobs, had differing job duties, worked under different compensation plans, [and] had different work schedules' shows that individualized discovery is necessary for [defendant] to have a fair opportunity at the decertification stage.

*Id.* at *7-8.

Class-wide written discovery will also help facilitate an effective selection of deposition Plaintiffs. Because BHP Billiton will not be deposing all the Opt-in Plaintiffs, the only way for BHP Billiton to know whether Opt-in Plaintiffs have documents that might be relevant to liability or damages in the case is to ask for them. For example, several of the Plaintiffs who were provided to BHP Billiton by the third-party vendor Plaster & Wald are part of another FLSA lawsuit that covers a nearly identical statute of limitations time period. *See Brian Benson v. Plaster & Wald*, No. 5:16-cv-00801, U.S. District Court, Western District of Oklahoma. In submissions to the court in *Benson*, Plaster & Wald stated that Plaster & Wald is the employer of many of the workers in the proposed class and that Plaster & Wald paid their workers on a salary (not a day rate) basis. W.D. Okla. Doc. No. 34 at 13. On June 20, 2017, the parties in *Benson* informed the Western District of Oklahoma that they "reached a settlement and compromise." W.D. Okla. Doc. No. 45. The Plaintiffs who are part of this lawsuit and the *Benson* lawsuit

5

(including the Named Plaintiff Brian Benson himself) cannot seek double recovery in both lawsuits for the same alleged FLSA injury.  This is yet another example of why class-wide discovery is necessary to maximize BHP Billiton's ability to select a set of deposition Plaintiffs who are truly representative of the class.

BHP Billiton's proposal for limited, uniform written discovery to all Opt-in Plaintiffs is supported by existing case law, is not unduly burdensome, and is necessary to enable BHP Billiton to determine important evidence related to the merits of the claims exist.

## CONCLUSION

BHP Billiton respectfully requests the Court grant its request for class-wide discovery.  BHP Billiton further requests a telephonic conference with the Court to address any remaining questions the Court may have on the issue.  BHP Billiton further requests all other relief to which it is entitled.

Dated:  June 27, 2017

Respectfully submitted,

*/s/ Shauna Johnson Clark*
Shauna Johnson Clark
State Bar No.  00790977
NORTON ROSE FULBRIGHT US LLP
1301 McKinney, Suite 5100
Houston, Texas  77010-3095
Telephone:  (713) 651-5151
Facsimile:  (713) 651-5246
shauna.clark@nortonrosefulbright.com

*Attorney in Charge for Defendant BHP Billiton Petroleum (Americas), Inc.*

OF COUNSEL:
NORTON ROSE FULBRIGHT US LLP
Kimberly F. Cheeseman
State Bar No. 24082809
kimberly.cheeseman@nortonrosefulbright.com
1301 McKinney, Suite 5100
Houston, Texas  77010-3095
Telephone:  (713) 651-5151
Facsimile:  (713) 651-5246

**CERTIFICATE OF CONFERENCE**

Counsel for Defendant conferred with Plaintiffs' counsel on June 27, 2017, and Plaintiffs' counsel communicated that they are opposed to the relief requested herein.

                                                    */s/ Kimberly Cheeseman*
                                                   Kimberly F. Cheeseman

**CERTIFICATE OF SERVICE**

This pleading was served on the following opposing counsel via the Court's CM/ECF service in compliance with Rule 5 of the Federal Rules of Civil Procedure on June 27, 2017.

Paul J. Lukas
Michele R. Fisher
Alexander M. Baggio
NICHOLS KASTER, PLLP
4600 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
lukas@nka.com
fisher@nka.com
abaggio@nka.com

                                                    */s/ Kimberly Cheeseman*
                                                   Kimberly F. Cheeseman